IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| Chaganti & Assocs., P.C., Plaintiff, | Case No. 03 CV 501 HEA |
|---|---|
| v. | |
| Nowotny et al., Defendants | |

*Filed 3/28/07 8:58 am*

*denied as moot*

**Motion to Quash Subpoena**

COMES NOW, Plaintiff and Mark Hendin, and respectfully move the Honorable Court to Quash the subpoena served on Mark Hendin because the subpoena did not comply with the rules and procedures of this Court and the federal rules of civil procedure, and further because it was solely intended to harass while being totally unnecessary under the circumstances of this case.

On March 22, 2007, defendants' attorney Reed signed and later served a subpoena to Mark Hendin, CPA, seeking tax filings and other information of Plaintiff and its officer, Dr. Chaganti as well as seeking Mr. Hendin's personal appearance in this Court on March 28, 2007. Attached as Exhibit A to this paper is a true and correct copy of the subpoena.

Defendant failed to serve the subpoena on Plaintiff. For this reason alone the subpoena should be quashed. The subpoena should also be quashed because (a) the subpoena violates Fed. R. Civ. P. 45(c)(1) in that it was issued to an accountant at the height of the tax season without any justification or purpose; (b) the subpoena did not state that there is a protective order for confidential information in this case; (b) the subpoena did not give 15 days for compliance or to file objections; (c) the subpoena was

not served on Plaintiff first or at any time; (d) the subpoena was unnecessary under the circumstances of this case, (e) the subpoena was meant to harass and impose unnecessary costs on Plaintiff, and (f) the subpoena was not accompanied by reasonable hourly fees for the witness to appear and testify in this Court.

For the foregoing reasons, Plaintiff and Mark Hendin respectfully request the Court to quash the subpoena, and to grant attorney's fees to the movants as well as sanction the defendants and its lawyers for the harassment and unnecessary imposition in this apparently "settled" case.

Respectfully submitted,

DATED:   March 28, 2007            S/Naren Chaganti
                                   Naren Chaganti
                                   713 The Hamptons Lane,
                                   Town & Country, MO 63017
                                   Telephone: (650) 248-7011
                                   Facsimile: (314) 434-4663
                                   naren@chaganti.com E-mail

                                   Attorney for Plaintiff

Certificate of Service

I certify that on the below date, a copy of this paper was served via CM/ECF to:
Winthrop B. Reed III
Lewis, Rice & Fingersh, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102-2147
wreed@lewisrice.com E-mail
(314) 444-1357 phone
(314) 612-1357 fax

Attorney for Defendants
DATED:   March 28, 2007            S/Naren Chaganti
                                   Naren Chaganti

2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

Chaganti & Associates, P.C.

v.

Thomas Nowotny
and Roger Vardeleon

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: 4:03CV501-HEA

TO: Mark E. Hendin, CPA
12655 Olive Bldg., Suite 495
St. Louis, MO 63141

[X] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court, Eastern District of Missouri, Eastern Division<br>Thomas F. Eagleton U.S. Courthouse<br>111 South Tenth Street<br>St. Louis, MO 63102 | Hon. Henry E. Autrey<br>Room 10.148<br>DATE AND TIME<br>March 28, 2007<br>10:30 a.m. |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Personal tax returns and all schedules of Surendra Chaganti for tax years 2004-2006, and business tax returns and all schedules of Chaganti and Associates, P.C. for tax years 2004-2006.

| PLACE | DATE AND TIME |
|---|---|
| U.S. Courthouse named above | March 28, 2007<br>10:30 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendants | March 22, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Winthrop B. Reed, III, Lewis, Rice & Fingersh, L.C.
500 N. Broadway, Suite 2000, St. Louis, MO 63102  314-444-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
If action is pending in district other than district of issuance, state district under case number

Exhibit A - Page 1 of 2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAMED) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                 DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

( 1 ) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may. upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion. the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

( B ) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

( 1 ) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications. or things not produced that is sufficient to enable the demanding party to contest the claim.

Exhibit A - Page 2 of 2